UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CUTTER HALLEMAN,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>CUTTER BUG SPRAY, *et al.*,<br>　　　　　　　　Defendants. | Case No. 3:23-cv-00498-MMD-CSD<br><br>ORDER |

　　　　Plaintiff Cutter Halleman, an inmate at the Washoe County Detention Facility, brings various causes of action against corporations and the U.S. government, as well as an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig Denney, recommending that the Court grant Halleman's IFP application and that this action be dismissed with prejudice. (ECF No. 3.) To date, Plaintiff has not filed an objection to the R&R. For the reasons explained below, the Court adopts the R&R in full.

　　　　Because there is no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

**I.　IFP APPLICATION**

　　　　Judge Denney recommended granting Halleman's IFP application (ECF No. 1) because his certified account statement indicates that his average monthly balance for the last six months was $1.94, and his average monthly deposits were $20. (ECF No. 3 at 2.) The Court is satisfied that Judge Denney did not clearly err in finding that Halleman has met the appropriate standards to proceed IFP and adopts his recommendation.

Halleman is not required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING OF THE COMPLAINT

Halleman appears to allege that: (1) Cutter Bug Spray committed copyright infringement, slander, libel, and defamation by using his first name, Cutter, as the name of their bug spray; (2) an unspecified party tampered with his mail and his objection to a R&R in case number 3:22-cv-00345-MMD-CLB was never filed; (3) Dollar General committed copyright infringement, slander, and defamation by advertising that they sell Cutter Bug Spray; (4) the FBI, IRS, and Social Security Administration were negligent in failing to provide him a place to live and a fixed income; and (6) Kern Co./LA caused him mental anguish. (ECF No. 1-1.) In laying out these claims, he includes seemingly unrelated factual allegations, such as that he found two Dollar General hoodies in the bathroom of the sober living facility where he overdosed and that BNSF paid $40,000 for Halleman to go back to work and get on a train and this led to Halleman being chased an oil refinery. (*Id.*) Halleman also requests the appointment of counsel. (*Id.*)

Judge Denney recommends that the Court dismiss this action with prejudice, as the claims are frivolous and amendment would be futile. (ECF No. 3 at 5-6.) The Court agrees that Halleman's claims lack "an arguable basis either in law or in fact" due to their "claims of infringement of a legal interest which clearly does not exist" and "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989). Thus, the Court has the authority to dismiss these claims due to their basis in both "an indisputably meritless legal theory" and "clearly baseless" factual contentions. *Id.* at 327.

The Court is satisfied that Judge Denney did not clearly err and adopts his recommendations in full. This action is dismissed with prejudice.

/ / /

/ / /

### III. CONCLUSION

The Court is satisfied that Judge Denney did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Denney's R&R (ECF No. 3) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP application (ECF No. 1) is granted. Plaintiff is not required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

It is further ordered that all claims in the complaint are dismissed with prejudice.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 31st Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE